IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STATEN D. TAYLOR, #B29159, <br><br>   Plaintiff, <br><br> v. <br><br> WARFEL, <br> LT. MILLER, <br> RACHEL DODD, <br> LOY, and <br> ROB JEFFREYS, <br><br>   Defendants. | Case No. 23-cv-01258-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Staten Taylor, an inmate of the Illinois Department of Corrections who is currently incarcerated at Robinson Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff states that on December 19, 2022, at Robinson Correctional Center, Correctional Officer Warfel jumped on him from the back and grabbed him because he, Plaintiff, had a lamp in his possession that he had purchased at his previous institution, Jacksonville Correctional Center. (Doc. 1, p. 6).

Plaintiff wrote a grievance about the excessive force used by Warfel, and he was told by Internal Affairs Lieutenant Miller to dismiss the grievance. (Doc. 1, p. 6). If he did, Miller promised Plaintiff a job. Plaintiff declined, and Miller responded that Plaintiff would be "black balled" from working at Robinson Correctional Center. Warden Dodd did not "comment to [his] grievance" and ignored his plea for help. Assistant Warden Loy told Plaintiff that he would talk to internal affairs and have the incident investigated, but an investigation was never performed. Plaintiff asserts the Miller, Dodd, and Loy have failed to protect his safety and wellbeing. (*Id.*).

Based on Plaintiff's allegations, the Court finds it convenient to designate the following counts:

**Count 1:** Eighth Amendment excessive force claim against Correctional Officer Warfel.

**Count 2:** Eighth Amendment failure to protect claim against Miller, Dodd, Loy, and Jeffreys.

Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

## DISCUSSION

Count 1 will proceed against Correctional Officer Warfel for the use of excessive force.

Count 2 will be dismissed without prejudice. To state a claim for failure to protect, a plaintiff must first demonstrate, objectively, that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Second, the prison official must have actual knowledge of the risk to the inmate and then failed to act to prevent the harm. *Id.* The plaintiff must allege more than "a generalized risk of violence…for prisons are inherently dangerous places." *Wilson v. Ryker,* 451 F. App'x 588, 589 (7th Cir. 2011) (internal citations and quotations omitted). Instead, a plaintiff "must allege a tangible threat to his safety or well-being" and "a substantial risk of future harm." *Id.* "A substantial risk of serious harm is one

in which the risk is so great that it is almost certain to materialize if nothing is done." *Id.*

In the Complaint, the allegations against Miller, Dodd, and Loy all occurred after the use of excessive force by Warfel. Plaintiff states that following the assault, Miller asked Plaintiff to cancel his grievance, Dodd did not properly respond to the grievance, and Loy failed to investigate. He fails to include any details regarding Jeffrey's conduct. Thus, there are no allegations to suggest that Miller, Dodd, Loy, and Jeffreys were aware of an impending assault prior to Warfel's actions. Plaintiff's conclusory statement that Miller, Dodd, Loy, and Jeffreys allowed the incident with Warfel "to happen" is not sufficient for the Court to plausibly infer that Defendants had actual knowledge of a risk to Plaintiff's safety and then failed or refused to act. Additionally, these Defendants cannot be held liable under Section 1983 solely because they are in supervisory roles. *See Mitchell v. Kallas,* 895 F.3d 492, 498 (7th Cir. 2018). Accordingly, Count 2 is dismissed.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

In his motion, Plaintiff does not provide any information concerning his efforts to obtain counsel on his own. Because he has not met the threshold burden of making a reasonable attempt to secure an attorney prior to seeking the assistance of the Court, the motion is **DENIED.** Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include in the motion the names and address of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

**DISPOSITION**

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Warfel. **COUNT 2** is **DISMISSED without prejudice.** Because there are no surviving claims against Miller, Dodd, Loy, and Jeffreys, the Clerk of Court is **DIRECTED** to terminate them from this action as defendants.

The Clerk of Court **SHALL** prepare for Warfel the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this case involves physical injury, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Defendant Warfel is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant Warfel should respond to the issues stated in this**

**Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 12, 2024**

　　　　　　　　　　　　　　　　　　　　　　　　　　*s/Stephen P. McGlynn*
　　　　　　　　　　　　　　　　　　　　　　　　　　**STEPHEN P. MCGLYNN**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit

any evidence to the Court at this time, unless otherwise directed by the Court.

Case 3:23-cv-01258-SPM   Document 13   Filed 01/12/24   Page 6 of 6   Page ID #31